ALEXANDER *v.* McCRAY.

5-2696                                                     357 S. W. 2d 301

Opinion delivered May 21, 1962.

*J. B. Milham* and *Gladys M. Cummins,* for appellant.

*Fred E. Briner,* for appellee.

SAM ROBINSON, Associate Justice. This is a suit for a real estate agent's fee, alleged to have been earned in the sale of a tract of seven and a fraction acres for the sum of $7,695.00. There was a judgment for the plaintiffs, Jack and J. E. McCray, real estate agents, in the sum of $745.00, and the defendant, Will Alexander, the property owner, has appealed.

Appellees are licensed real estate brokers in Benton. They entered into a contract with appellant, Will Alexander, whereby they undertook to have surveyed 16 acres, more or less, belonging to Alexander, streets marked off, the property divided into lots, and sell the same for a commission of 20 per cent of the sale price.

When the survey was made it was discovered that a small strip of land, thought to be a part of the 16 acres owned by appellant, really belonged to Wyatt Crawford. In an attempt to iron out this difficulty, Jack McCray talked with Mr. Crawford. In the course of the conversation Crawford made an offer of $1,000.00 an acre for seven and a fraction acres of Alexander's 16 acres. McCray conveyed this information to Alexander.

There is substantial evidence to the effect that Alexander inquired of Jack McCray if the real estate agent's fee would be 20 per cent as provided by the original contract, and that McCray replied that in the circumstances, the fee would be only the regular commission of ten per cent for selling country property. The evidence is substantial to the effect that Alexander authorized McCray to proceed with the sale on that basis; that McCray prepared the offer and acceptance, and that the sale was completed.

Of course, there can be no question but that the original contract for selling the 16 acres as lots was abandoned. McCray testified that Alexander agreed to sell the seven and a fraction acres to Crawford and his associate, J. B. Yarbrough, Jr., and it is clear from the record that Alexander did convey the property to them.

There is only one real question; did Alexander agree to pay McCray ten per cent of the sale price for making the sale to Crawford and Yarbrough? The jury's verdict answering that question in the affirmative is supported by substantial evidence.

Affirmed.